## Snyder *v.* Brown.

*Equity—Injunction—Preliminary injunction—Appeal.*

The Supreme Court will not go into the merits of a case on an appeal from a preliminary injunction, unless it appears that great injustice will be done the appellant by continuing the injunction. Where this does not appear the appeal from the order granting and continuing the preliminary injunction will be dismissed.

Argued Oct. 31, 1900. Appeal, No. 1, Oct. T., 1901, by defendant, from decree of C. P. Beaver Co., Dec. T., 1900, No. 2, continuing preliminary injunction in case of John Snyder & Son v. Frank S. Brown. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that on April 1, 1896, Mary Read executed a lease of thirteen acres of land for farm purposes to Frank S. Brown. On March 10, 1900, Mary Read executed and delivered to John Snyder & Son an oil and gas lease for fifty-five acres of land, including the thirteen acres leased to Brown. On April 1, 1900, Mary Read executed to Brown a new lease for farm purposes of forty-four acres of land, including the thirteen acres described in the lease of April 1, 1896. When Brown accepted the last lease, he had full knowledge of the oil and gas lease to John Snyder and Son. In September, 1900, John Snyder & Son entered upon the surface of the thirteen acres for the purpose of operating for oil. Prior to this time oil had been struck in large quantities on adjoining land. Brown at first made no objection to the entry of Snyder & Son, but subsequently had the plaintiffs twice arrested for unlawful trespass. Plaintiffs then filed this bill, praying for an injunction to prevent the defendant from further suing out writs to arrest plaintiffs, and from further hindering plaintiffs in their mining operations.

WILSON, P. J., made the following decree:

And now, to wit: September 19, 1900, this matter came on to be heard on bill and injunction affidavits, after due notice to

attorneys for defendant, and after hearing, the preliminary injunction as prayed for in said bill of complaint is granted, and the defendant is restrained from further suing out writs to arrest the plaintiffs or their employees for entering or being in possession of said premises, and defendant, his agents and employees are further restrained from interfering with or hindering the plaintiffs and their employees in further prosecuting mining operations on said premises, or from doing violence to their persons or property, until the plaintiffs' rights as set out in said bill of complaint are determined by due course of law. The injunction bond of plaintiffs, with John Snyder, W. E. Bonzo and W. J. Snyder, as securities, in the sum of $1,000, is approved. And Monday, at 10 A. M., September 24, 1900, is fixed for final hearing.

Subsequently the court continued the injunction, making the following decree:

And now, September 24, 1900, after hearing and due consideration, it is hereby ordered, adjudged and decreed that the preliminary injunction heretofore granted be continued until final hearing, and the plaintiffs, John Snyder & Son, enter into a bond to the defendant, Frank S. Brown, in the sum of $2,000, with W. E. Bonzo as surety, to secure the payment of the damages the defendant, Frank S. Brown, has heretofore sustained, or may hereafter sustain by reason of the plaintiffs operating for oil and gas on the leasehold on a part of which he, Frank S. Brown, is farm tenant, until the termination of his, the defendant's, lease.

*Errors assigned* were in granting the preliminary injunction, and in continuing the same.

*Alfred P. Marshall*, with him *William J. Mellon* and *Edwin S. Weyand*, for appellant.

*J. F. Reed*, for appellee, was not heard.

PER CURIAM, October 31, 1900:
And now, to wit: October 31, 1900, appeal dismissed.